MELISSA J. HEALY
melissa.healy@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:  503.220.2480

*Attorneys for Defendant PeaceHealth*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **SARAH COLLINS**, an individual, | Case No.:  3:22-cv-01946-AN |
| Plaintiff, | **DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE** |
| v. | |
| **PEACEHEALTH**, a foreign nonprofit corporation with its primary location in Vancouver, Washington, | |
| Defendant. | |

## RULE 7-1 CERTIFICATION

In compliance with L.R. 7-1(a)(1)(A), counsel for Defendant PeaceHealth hereby

certifies that it has conferred with counsel for Plaintiff, but the parties have been unable to

resolve their dispute over the appropriate venue for this action.

## MOTION TO DISMISS OR TRANSFER VENUE

### I.    INTRODUCTION

Plaintiff Sarah Collins ("Plaintiff") asserts that this District is the proper venue under 28 U.S.C. Section 1391.  In fact, this District is not the proper venue under 28 U.S.C. Section 1391 because Plaintiff's Complaint fails to allege that PeaceHealth resides in this District or that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.  Consequently, the Court should dismiss Plaintiff's Complaint because it was not brought in the proper venue.  Alternatively, if this Court does not dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(3), PeaceHealth requests that the Court transfer venue under 28 U.S.C. Section 1406 to the United States District Court for the Western District of Washington, the district in which PeaceHealth resides, transacts business, and where the acts alleged in the Complaint took place.

### II.    ALLEGATIONS IN PLAINTIFF'S COMPLAINT

The following factual allegations are taken from Plaintiff's Complaint and, for purposes of this Motion only, are assumed to be true.  Plaintiff is a resident of Multnomah County, Oregon, and until her termination worked at the PeaceHealth hospital facility located in Vancouver, Washington.  Pl.'s Compl. ¶¶ 3, 4.  According to Plaintiff's Complaint, PeaceHealth is a "foreign nonprofit with its primary location in Vancouver, Washington."  *Id.* ¶ 5; *See Id*. ¶ 2 ("PeaceHealth, is incorporated with its principal place of business in Vancouver, Washington.").  Likewise, Plaintiff's Complaint alleges that she began working at PeaceHealth's hospital facility in Vancouver, Washington, in May 2016.  Pl.'s Compl. ¶ 7.

Plaintiff's Complaint asserts four claims.  Plaintiff's first claim alleges PeaceHealth retaliated and discriminated against her in violation of Washington's Whistleblower Retaliation

statute,  RCW 43.70.075(1)(c); Pl.'s Compl. ¶¶ 36-45.  Plaintiff's second claim alleges wrongful

discharge in violation of public policy, relying on Washington's safe staffing in hospitals statute.

RCW 70.41.420; Pl.'s Compl. ¶ 47.  Plaintiff's third and fourth claims allege violations of the

Fair Labor Standards Act ("FLSA"), one claim for unpaid wages and the other for retaliation for

filing a complaint of unpaid wages.  29 U.S.C. § 206(b); 29 U.S.C. 215(a); Pl.'s Compl. ¶ ¶ 59-

65, 67-73.  In other words, and notwithstanding her decision to file suit in the District of Oregon,

Plaintiff does not plead any claims under Oregon law and instead alleges violations of

Washington and federal law based on facts that arose exclusively within the confines of the

Western District of Washington.

### III.    LEGAL STANDARD

Under 28 U.S.C. Section 1406,  a "district court of a district in which is filed a case

laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice,

transfer such case to any district or division in which it could have been brought."  A separate

statute, 28 U.S.C. § 1391(b), defines when venue is proper, stating that a plaintiff may bring a

civil action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents
> of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving
> rise to the claim occurred, or a substantial part of property that is the subject of the
> action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided
> in this section, any judicial district in which any defendant is subject to the court's
> personal jurisdiction with respect to such action.

The procedural vehicle to challenge improper venue under Section 1391(b) is a motion

under Federal Rule of Civil Procedure 12(b)(3).  The inquiry under Rule 12(b)(3) is not whether

venue *is more appropriate* in a different judicial district, but rather whether venue *is appropriate*

*at all* in the particular district in which plaintiff filed suit.  The rule places the burden upon a plaintiff to show that venue is proper in the district in which she filed her complaint.  *Piedmont Label Co. v. Sun Garden Packing Co*., 598 F.2d 491 (9th Cir. 1979).

Courts must look to the categories of Section 1391(b) to determine if venue that has been challenged is proper.  *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. Of Tex*., 571 U.S. 49, 55–56 (2013).  If the case does not fall into one of the three categories specified in Section 1391(b), "venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Id*.

## IV.    DISCUSSION

Plaintiff cannot establish venue in the District of Oregon under Section 1391(b)(1), (2) or (3).  Consequently, the Court should dismiss the Complaint or (in the alternative) transfer the case to the Western District of Washington, where venue is appropriate.

### A.    Plaintiff Cannot Establish Venue under Section 1391(b)(1).

Under § 1391(b)(1), venue is proper if any of the defendants reside in Oregon and all defendants are residents of the state in which the district is located.  For purposes of Section 1391, an entity is deemed to reside "in any judicial district in which such defendant is subject to the court's *personal jurisdiction with respect to the civil action in question*."  28 U.S.C. §1391(c)(2) (emphasis added).  Plaintiff merely alleges PeaceHealth "regularly does business in this jurisdiction," but fails to allege that PeaceHealth is subject to the Court's personal jurisdiction with respect to this action.  Pl.'s Compl. ¶ 3.

Plaintiff has the burden of making a prima facie showing of personal jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  The Ninth Circuit uses a three-part

test to determine whether a party has sufficient minimum contacts to be subject to specific

personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Schwarzenegger v. Fred Martin*

*Motor Co*., 374 F.3d 797, 802 (9th Cir. 2004)).  The plaintiff bears the burden of establishing the

first two parts of the test.  *IPSL, LLC v. Coll. of Mount Saint Vincent*, 383 F Supp 3d 1128, 1136

(D. Or. 2019).  If the plaintiff succeeds, "the burden shifts to the defendant to set forth a

compelling case that the exercise of jurisdiction would not be reasonable."  *Picot*, 780 F.3d at

1212 (internal quotation marks omitted).   Here, Plaintiff cannot satisfy either of the first two

elements of the Ninth Circuit's test. As such, the burden has not (and will not) shift to

PeaceHealth.  Nevertheless, a fair inquiry shows that notions of "fair play and substantial justice"

support dismissing this action and transferring it to the Western District of Washington.

### 1.    Plaintiff Has Not Pled Facts To Show That PeaceHealth Directed Its Activities Into, or Invoked The Benefits of, the State of Oregon.

The first part of the Ninth Circuit's specific jurisdiction test can be satisfied in two ways,

either: (a) the non-resident defendant must purposefully direct his activities at the forum state, or

(b) the defendant must purposefully avail himself of the privilege of conducting activities in the

forum.  *Picot*, 780 F.3d at 1212.  Plaintiff cannot establish either prong.

The Ninth Circuit follows the test set out in the U.S. Supreme Court's *Calder* decision to

determine whether a defendant has "purposefully directed its  activities at the forum state.

*Calder v. Jones*, 465 U.S. 783, 789–90, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984).  Under the *Calder* test, a plaintiff must show that a defendant has: (1) committed an intentional act, (2) the act was expressly aimed at the forum state, and (3) that the act caused harm the defendant knows is likely to be suffered in the forum state.  *Schwarzenegger*, 374 F.3d at 803.

Under Plaintiff's theory of the case, PeaceHealth has committed one or more intentional acts that violate her rights under Washington and federal law.  Pl.'s Compl. ¶ ¶ 36-73.  However, Plaintiff's factual allegations do not reflect any acts expressly aimed at the forum state (Oregon) or acts that allegedly caused harm that PeaceHealth knew would likely be suffered in the forum state (again, Oregon).

For instance, under Plaintiff's first cause of action, the alleged adverse employment actions by PeaceHealth include denying Plaintiff a promotional opportunity, giving her a poor reference, subjecting her to undue scrutiny, placing her on administrative leave, failing to pay her properly, terminating her employment, and making a false complaint to the Board of Nursing. *See* Pl.'s Compl. ¶ 38.  These alleged acts necessarily took place at PeaceHealth's Vancouver, Washington hospital facility where Plaintiff worked.  Additionally, Plaintiff does not show that the alleged acts caused harm that PeaceHealth knows will likely be suffered in Oregon. PeaceHealth hired Plaintiff to work at its hospital facility in Vancouver, Washington, any potential employment-related concern (harm or otherwise) would necessarily take place in Washington.

Turning to the "purposeful availment" prong, this analysis asks "whether a defendant has purposefully availed himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  *Picot*, 780 F.3d at 1212 (internal quotation marks omitted).  "In order to have purposefully availed oneself of conducting activities in the

forum, the defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business with the forum state." *Id*.  "A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Schwarzenegger*, 374 F.3d at 802.

Plaintiff's bare allegations of a connection to Oregon are insufficient to establish venue. *See Amba Marketing Systems, Inc. v. Jobar Int'l, Inc*., 551 F.2d 784, 787 (9th Cir.1977) (reasoning that plaintiff's "bare allegation of harm or injury suffered in the forum state" did not constitute an event occurring within the state and thus did not by itself confer personal jurisdiction). Rather, the facts alleged show that PeaceHealth is a Washington corporation and Plaintiff exclusively performed work at the PeaceHealth hospital facility located in Vancouver, Washington.  Pl.'s Compl. ¶¶ 4, 5.  Plaintiff does not allege any facts creating a substantial connection between PeaceHealth and Oregon.  The parties' relationship is centered in Vancouver, Washington, where PeaceHealth operates its hospital facility and where Plaintiff worked.  *Id*.  Although PeaceHealth does operate facilities in Oregon, Washington, and Alaska, the employment relationship between Plaintiff and PeaceHealth took place exclusively in the state of Washington. With respect to Plaintiff's employment and the facts she alleges in her Complaint, PeaceHealth did not purposefully avail itself of conducting activities in Oregon.

## 2.    Plaintiff Has Not Plead Facts To Show That Her Claims Arose Out of PeaceHealth's Activities In The State of Oregon.

Under the second element of the Ninth Circuit's test, Plaintiff must also demonstrate that her claims arise out of or relate to PeaceHealth's forum-related activities.  *Picot*, 780 F.3d at 1211.  The Ninth Circuit relies on a "but for" analysis to determine whether a particular claim arises out of forum-related activities.  *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995);

*Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir.2007) (plaintiff would not have suffered an injury "but for" defendant's forum-related conduct). Under that test, "a lawsuit arises out of a defendant's contacts with the forum state if a direct nexus exists between those contacts and the cause of action." *Fireman's Ins. Fun. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 894 (9th Cir. 1986).

Here, Plaintiff's residence in Oregon, standing alone, cannot subject PeaceHealth to personal jurisdiction in Oregon for Washington statutory violations allegedly committed in Vancouver, Washington. Because Plaintiff's Washington law claims do not arise out of the fact that PeaceHealth happens to also operate healthcare facilities in Oregon, Plaintiff's claims do not arise from PeaceHealth's forum-related activities. *See Hummingbird Def. Sys. v. Ye*, 2007 WL 1876378 (D. Ariz. 2007) (granting defendant's motion to dismiss where plaintiff did not satisfy the first and second prongs of the Ninth Circuit's three-part test for specific jurisdiction because Plaintiff failed to allege adequate facts to meet its burden of establishing personal jurisdiction in Arizona although the contract was to be performed in China).

**B.    The Third Element of The *Picot* Test Supports PeaceHealth's Motion.**

Because Plaintiff cannot carry her burden on the first and second elements of the *Picot* test, the Court need not reach the third element: whether notions of "fair play and substantial justice" support Plaintiff's request that the Court maintain venue in this District. *Picot*, 780 F.3d at 1212. Nevertheless, these considerations point toward the conclusion that venue is inappropriate within the District of Oregon.

Fundamentally, Plaintiff's claims spring from her employment relationship and contract with PeaceHealth. It is well-established that in "contract cases, venue is properly in the place of *intended performance*." *Original Talk Radio Network, Inc. v. Alioto*, 1:13-CV-00759-PA, 2013

WL 4084247, at *8 (D Or Aug 13, 2013) (emphasis added); citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir.1986)).[1]  The location of performance is the favored venue in such cases because it is "determined at the inception of the contract and therefore parties can anticipate where they may be sued" and is also "likely to have a close nexus to the underlying events." *Decker Coal Co.*, 805 F.2d at 842 (9th Cir.1986); *See Harleysville Ins. Co. of New Jersey v. Clark*, CIV.A. 05-5566 (JBS), 2006 WL 2135834, at *1 (DNJ July 27, 2006) (concluding that the Georgia resident employee willingly entered into an employment agreement that created a "foreseeable and continuing obligation" between the employee and residents of the forum state (New Jersey) when he accepted employment with a New Jersey corporation).  Here, it is undisputed that Plaintiff was employed as a registered nurse at PeaceHealth's Vancouver, Washington hospital facility. As such, the Western District of Washington is the appropriate forum for this dispute under the third element of the *Picot* test.

### C.    Plaintiff Cannot Establish Venue Under Section 1391(b)(2) Because Her Claims Arose In The Western District of Washington, Not In The District of Oregon.

Under Section 1391(b)(2), venue is proper if a substantial part of the events or omissions giving rise to the claim occurred in the district in which the complaint was filed.  Here, the events and omissions giving rise to the claim are alleged to have occurred in Vancouver, Washington.  *See* Pl.'s Compl. ¶ ¶ 4, 5, 7, 11.  Because none of the alleged events or omissions occurred in Oregon, venue is not proper under Section 1391(b)(2).  *See Bryce v. Choice Hotels Int'l*, 3:18-CV-01852-MO, 2019 WL 149550, at *1 (D. Or. Jan. 8, 2019), *aff'd sub nom. Bryce v.*

---

[1] PeaceHealth acknowledges that both *Decker Coal Co.* and *Original Talk Radio Network, Inc.* discuss this principle in the framework of 28 U.S.C. § 1404, however these two decisions are insightful on these issues.

*Choice Hotels Int'l, Inc.*, 781 Fed. Appx. 649 (9th Cir. 2019) (granting defendant's motion to dismiss for improper venue where none of the defendants were Oregon residents and the events took place in Georgia).

> **D.    Section 1391(b)(3) Is Inapplicable Because Venue Is Appropriate In The Western District of Washington.**

Finally, under Section 1391(b)(3), if no district exists in which an action may be brought, venue is proper in any judicial district in which any defendant is subject to the court's personal jurisdiction.  Because venue would be proper in the Western District of Washington under Section 1391(b)(2), as a substantial part of the events alleged by Plaintiff occurred there and it is where PeaceHealth resides, venue is not proper in this judicial district under Section 1391(b)(3).

## V.    CONCLUSION

For the reasons stated above, venue is improper in the District of Oregon.  The Court should grant Defendant's Motion to Dismiss for Improper Venue.  Alternatively, the Court should transfer venue under Section 1406(a) to the Western District of Washington.

DATED:  March 21, 2023                STOEL RIVES LLP


                          s/ Melissa J. Healy
                          MELISSA J. HEALY, OSB No. 102176
                          melissa.healy@stoel.com
                          503.224.3380

                              *Attorneys for Defendant*