**Katelyn S. Oldham, OSB #024115**
Email: katelyn@oldhamlawoffice.com
**OLDHAM LAW OFFICE**
12275 SW 2nd Street
Beaverton, Oregon 97005
Telephone: (503) 596-2696

  Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **SARAH COLLINS**, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>**PEACEHEALTH**, a foreign nonprofit corporation with its primary location in Vancouver, Washington,<br><br>  Defendant. | Case No.: 3:22-cv-01946-AN<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE** |

### I.  INTRODUCTION.

  This District is a proper venue, under 28 U.S.C. § 1391, for Plaintiff Sarah Collins ("Plaintiff") to bring her complaint. This Court has personal jurisdiction over Defendant PeaceHealth ("Defendant"), a foreign nonprofit corporation with its primary location in Vancouver, Washington, because PeaceHealth has contacts with Oregon that are so continuous and systematic that it satisfies the qualifications for personal jurisdiction. Plaintiff has met her burden to show that venue is proper because the complaint has sufficiently pled facts and allegations to demonstrate that PeaceHealth is subjected to the jurisdiction of the District of Oregon. Consequently, this Court should deny Defendant's Motion to Dismiss or Transfer Venue.

PAGE 1 – RESPONSE IN OPPOSITION TO DEF'S MOTION

                           OLDHAM LAW OFFICE, LLC
                               12275 SW 2ND STREET
                               BEAVERTON, OR 97005
                               TEL: (503) 596-2696

## II. FACTUAL ALLEGATIONS.

Plaintiff realleges and incorporates all allegations from her Complaint. *See* Pl.'s Com. ¶¶1–73. Specifically, Plaintiff states venue is proper in this court as Plaintiff resides in Multnomah County, Oregon and Defendant regularly does business in this jurisdiction. See Pl.'s Com. ¶3. The U.S. District Court for Oregon can exercise personal jurisdiction over Defendant due to Defendant's regular and continuous business contacts in this jurisdiction. *Id*.

## III. LEGAL STANDARD.

Plaintiff does not object to the legal standard articulated in Defendant's Motion.

## IV. DISCUSSION.

Plaintiff has established proper venue in the US District Court of Oregon under 28 U.S.C. § 1391, and the Court should deny Defendant's Motion to Dismiss or Transfer. Defendant has challenged improper venue under 12(b)(3) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(3). Defendant notes that the inquiry under Rule 12(b)(3) is "not whether venue *is more appropriate* in a different judicial district, but rather whether venue *is appropriate at all* in the particular district in which the plaintiff filed suit." Def.'s Mot. at 3–4; *see also Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004) ("[I]t is possible for venue to be proper in more than one judicial district"). In this matter, Defendant apparently wishes to move to what it considers *a more appropriate venue* even though the U.S. District Court of Oregon is an appropriate venue. In essence, Defendant is forum-shopping.

This discussion will detail the proper standard for determining personal jurisdiction, how Plaintiff established proper venue under 28 U.S.C. § 1391 *to show either general or specific jurisdiction*, and how a dismissal of this complaint would go against the interest of justice. Consequently, in the interest of justice, if this court determines venue was not proper in the U.S.

Oldham Law Office, LLC
12275 SW 2ND Street
Beaverton, OR 97005
Tel: (503) 596-2696

District Court for Oregon, the court should exercise its discretion to transfer the case to the U.S. District Court for the Western District of Washington. 28 U.S.C. § 1406.

> A. **Plaintiff has met her burden to show that Oregon exercises personal jurisdiction over PeaceHealth.**

Plaintiff has sufficiently met her burden to show that Oregon exercises personal jurisdiction over PeaceHealth because her complaint allows the Court to find that PeaceHealth is subject to this District's personal jurisdiction. Accurately understanding personal jurisdiction is necessary before demonstrating how Plaintiff properly met her burden of a prima facie showing of personal jurisdiction over PeaceHealth. This section first begins by detailing the two forms of personal jurisdiction—general jurisdiction and specific jurisdiction—then shows how Plaintiff's complaint satisfies the burden of establishing personal jurisdiction.

The plaintiff bears the burden of establishing that personal jurisdiction is proper in the venue filed. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008); *see Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). Federal courts normally follow state law in determining the bounds of their jurisdiction over persons. *Daimler AG v. Bauman*, 517 U.S. 117, 125 (2014). The law of the State of Oregon confers personal jurisdiction to the extent permitted by constitutional due process. *Triangle Fabricators, Inc. v. Forward Indus., Inc.*, 866 F.Supp. 467, 471 (D. Or. 1994); *see* Or. R. Civ. Proc. 4 (2021). Due process requires that the defendant "have certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (quoting *Miliken v. Meyer*, 311 U.S. 457, 463 (1940)). The strength of those contacts can determine the two forms that personal jurisdiction can take: general and specific. *Boschetto*, 539 F.3d at 1016. General jurisdiction, for a corporation, is a place that is "fairly regarded as home." *Bristol-Myers Squibb Co. v. Sup. Ct. of Ca., San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (quoting *Goodyear Dunlop Tires Opers., S.A. v. Brown*, 564 U.S. 915,

Oldham Law Office, LLC
12275 SW 2nd Street
Beaverton, OR 97005
Tel: (503) 596-2696

925 (2011)). A court may assert general jurisdiction over foreign (sister-state) corporations to hear any and all claims against them when their affiliations with the state are so "continuous and systematic" as to render them essentially at home in the forum state. *Goodyear*, 564 U.S. at 919. A court with general jurisdiction may hear *any* claim against the defendant, *even if all the incidents underlying the claim occurred in a different State*. *Id.* (emphasis added) (internal citations omitted). *Goodyear* did not hold that a corporation may be subject to general jurisdiction only in a forum where it is incorporated or has its principal place of business. *Daimler AG*, 571 U.S. at 137. Instead, the inquiry under *Goodyear* is not whether a foreign corporation's in-forum contacts can be said to be in some sense "continuous and systematic," it is "whether that corporations 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum state." *Id.* (internal citations omitted).

Specific jurisdiction is different. For specific jurisdiction, the suit must arise out of or relate to the defendant's contacts with the forum. *Daimler AG*, 571 U.S. at 118. A court may exercise specific jurisdiction if the defendant has sufficient contacts with the forum state in relation to the cause of action. *Sher*, 911 F.2d at 1361. There must also be an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Goodyear*, 564 U.S. at 919. Moreover, when a plaintiff relies on specific jurisdiction, she must establish that jurisdiction is proper for "each claim asserted against a defendant." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir.2004). And if personal jurisdiction exists over one claim, but not others, the district court may exercise pendent personal jurisdiction over any remaining claims that arise out of the same "common nucleus of operative facts" as the claim for which jurisdiction exists. *Id.* at 1181. Extending its jurisdiction in this manner promotes judicial efficiency.

Plaintiff's filed complaint contains sufficient allegations regarding venue to allow this Court to find that Oregon has personal jurisdiction over PeaceHealth. When the court decides

OLDHAM LAW OFFICE, LLC
12275 SW 2ND STREET
BEAVERTON, OR 97005
TEL: (503) 596-2696

the motion to dismiss or transfer for improper venue based on the pleadings submitted by the parties without conducting an evidentiary hearing, "the plaintiff need make only prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Richmond v. Chrysler Grp. LLC*, 2016 WL 8468244 (D. Or. 2016) (quoting *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). That is, the plaintiff need only demonstrate facts that if true, would support jurisdiction over the defendant. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). When considering a motion to dismiss for lack of personal jurisdiction, the court must draw all reasonable inferences in favor of the nonmoving party, and can consider the pleadings, affidavits, and related materials in response. *Holland Am. Line Inc. v. Wartsila N.A., Inc.*, 485 F.3d 450, 455 (9th Cir. 2007); *Richards v. Lloyd's of London*, 135 F.3d 1289, 1292 (9th Cir. 1998); *see Doe 1 v. AOL,* LLC, 552 F.3d 1077, 1081 (9th Cir. 2009) ; *cf. Darby v. US Dept. of Energy*, 231 F.Supp.2d 274, 276–77 (D.D.C. 2002) ("When considering a motion to dismiss or transfer a case for improper venue, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor"); *see also Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016)("[W]hen the court addresses the personal jurisdiction question by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a plaintiff need only make a prima facie showing of personal jurisdiction to survive the jurisdictional challenge.").

      In this matter, the Court can go beyond the allegation that PeaceHealth "regularly does business in this jurisdiction[,]" the Court can consider other facts in the pleadings to find that PeaceHealth's affiliations with Oregon are so "continuous and systematic" as to render it essentially at home in Oregon. Pl.'s Compl. ¶3; *Daimler AG*, 571 U.S. at 139 (quoting *Goodyear*, 564 U.S. at 919). Notably, the court can decide from Plaintiff's Complaint in this case that the "principal impact" of defendant's wrongful termination and failure to pay wages

OLDHAM LAW OFFICE, LLC
12275 SW 2ND STREET
BEAVERTON, OR 97005
TEL: (503) 596-2696

occurred in Oregon and harmed Plaintiff, an Oregon resident. See Daimler at 139 (discussing the need for the harm to have occurred in, or to have had the "principal impact" in the state where personal jurisdiction is being asserted. Viewing the information from the complaint, as well as outside information, the Court can find that Plaintiff has met her burden to demonstrate a *prima facie* showing to withstand a 12(b)(3) motion to dismiss. The Court, drawing all reasonable inferences in favor of Plaintiff, can find that Oregon exercises personal jurisdiction over PeaceHealth. Accordingly, the Court should deny Defendant's Motion to Dismiss or Transfer because Plaintiff has satisfied her burden to show that Oregon exercises personal jurisdiction over PeaceHealth.

### B. Plaintiff can show that this District has general jurisdiction over PeaceHealth.

Plaintiff has established proper venue under Section 1391 because her complaint contains factual allegations that demonstrate how the U.S. District Court of Oregon exercises personal jurisdiction over PeaceHealth. Under Section 1391, a civil action may be brought in a district in which any defendant resides. 28 U.S.C. § 1391(b)(1). For residency purposes, a defendant entity—like PeaceHealth—is considered to reside in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]" § 1391(c)(2).

PeaceHealth regularly does business in Oregon, and Defendant admits as much. *See* Def.'s Mot. at 7 ("PeaceHealth does operate facilities in Oregon, Washington, and Alaska[.]"). Properly pled in Plaintiff's complaint and admitted in its own motion, PeaceHealth's affiliations with the State are so "continuous and systematic" as to render it essentially at home in the Oregon district. Moreover, the claims made in Plaintiff's complaint arise from PeaceHealth's systematic contacts in Oregon and the impact of defendant's actions on Oregon – depriving one

OLDHAM LAW OFFICE, LLC
12275 SW 2ND STREET
BEAVERTON, OR 97005
TEL: (503) 596-2696

of its residents (plaintiff) of wages and creating far-reaching direct economic impacts.[1] Defendant's motion provides no analysis of general jurisdiction, presumably because that inquiry has been narrowed by *Daimler* and other cases before the U.S. Supreme Court. However, general jurisdiction can still be exercised when certain elements are in play – including when there is a primary impact in the state where personal jurisdiction is sought to be exercised. Because Oregon has general jurisdiction over PeaceHealth due to its regular business in Oregon where it "operate[s] facilities in Oregon," employs other Oregon-based employees at its Vancouver facility and has caused the primary economic impact of its actions to be felt in Oregon, this Court has personal jurisdiction over PeaceHealth and thus the U.S. District Court of Oregon is a proper venue. Because this Court is a proper venue, defendant's Motion should be denied.

**C.   Plaintiff can also show that this District has specific jurisdiction over PeaceHealth.**

Plaintiff can show that this District has specific jurisdiction over PeaceHealth because Plaintiff can satisfy every prong of the *Picot* test. Although PeaceHealth's Motion to Dismiss omits any analysis regarding general jurisdiction, its focus on specific jurisdiction misconstrues key aspects of the Ninth Circuit's test for specific jurisdiction. PeaceHealth construes its forum-related contacts solely to Ms. Collins and fails to apply its *extensive* contacts with Oregon to the *Picot* test.

Defendant correctly points to 28 U.S.C. § 1391(c)(2) for determination of a corporation's residency. The Ninth Circuit employs a three-part test to determine whether a defendant has sufficient contacts in the forum state to warrant *specific* jurisdiction. Although the Ninth Circuit has applied this tripartite analysis for over fifty years, Defendant calls this three-part test "the *Picot* test," which is as follows:

---

[1] Depriving the state of Oregon of its prior share of income taxes; increasing burdens on the state of Oregon's unemployment benefits.

PAGE 7 – RESPONSE IN OPPOSITION TO DEF'S MOTION

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015); *see also Data Disc, Inc.*, 557 F2d at 1287 (providing the three-part test while also citing other Ninth Circuit cases that applied the test). The plaintiff bears the burden of establishing the first two parts of the test. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011). If she does so, the burden shifts to the defendant to "set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable. *Id.* (internal quotations omitted). For contract-based claims, the Court applies a "purposeful availment" test and looks for evidence that a defendant has purposefully availed itself of "the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (2004). For tort claims, the Court applies a "purposeful direction" test and looks to evidence that the "defendant has directed his actions at the forum state, *even if those actions took place elsewhere*." *Id.* at 802–03 (emphasis added).

As demonstrated here, Plaintiff satisfies the first two prongs of the *Picot* test, and PeaceHealth cannot make a compelling case that the exercise of jurisdiction in the U.S. District Court of Oregon would be unreasonable.

> 1. <u>Plaintiff satisfies the first prong of the *Picot* test because PeaceHealth purposefully directed its activities at Oregon.</u>

The first prong of the *Picot* test is satisfied because PeaceHealth directed its activities at Oregon. In analyzing whether a court has specific jurisdiction over a tort claim, the Ninth Circuit applies the three-part *Calder* test. *Picot*, 780 F.3d at 1213–14. The *Calder* test

PAGE 8 – RESPONSE IN OPPOSITION TO DEF'S MOTION

determines whether a defendant purposefully directed its activities at the forum if it (1) committed an intentional act, (2) expressly aimed at the forum state, and (3) caused harm that the defendant knew was likely to be suffered in the forum state. *Schwarzenegger*, 374 F.3d at 803. The following analysis will show that PeaceHealth committed an intentional act, expressly aimed at Oregon, and caused harm that PeaceHealth knows is likely to be suffered in the forum state.

PeaceHealth committed numerous intentional acts against Plaintiff and satisfies the first prong of the *Calder* test. The term "intentional act" means "the defendant must act with the 'intent to perform an actual, physical act in the real world.'" *Picot*, 465 U.S. at 1214. In her complaint, Plaintiff alleges numerous intentional acts that violate her rights under Washington and federal law. Pl.'s Compl. ¶¶ 36-73. Even more, PeaceHealth regularly conducts business in Oregon: it operates numerous facilities in the state, provides healthcare services to Oregon residents, and recruits and hires Oregon residents for employment. *See* Def. Mot. at 7; Pl's Complaint at ¶4. Thus, the first prong of the *Calder* test is satisfied.

Notably, PeaceHealth has also "purposefully availed itself of the privilege of conducting activities" within Oregon. An exercise of specific jurisdiction is appropriate only if the nonresident defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Ballard*, 65 F.3d at 1498; *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, (1958)). The Ninth Circuit has held that the "purposeful availment" requirement is satisfied if the defendant has taken deliberate action within the forum state or if it has created continuing obligations to forum residents. *See Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1478 (9th Cir.1986). Here, PeaceHealth has taken *extensive* deliberate action within Oregon and has created continuing obligations to Oregon residents through its operation of healthcare facilities throughout the state.

Oldham Law Office, LLC
12275 SW 2ND STREET
BEAVERTON, OR 97005
TEL: (503) 596-2696

The second prong of the *Calder* test is satisfied because PeaceHealth's conduct was expressly aimed at the forum state (Oregon). Importantly, when applying the second element of the *Calder* test, the Court should focus on the defendant's contacts *with the forum state*, not the defendant's contacts *with a resident of the forum*. *Picot*, 780 F.3d at 1214. The Ninth Circuit is guided by the Supreme Court's decision in *Walden v. Fiore* when applying the second element of the *Calder* test. *Id.* In *Walden*, the Court held that the proper analysis in tort cases and contracts cases "looks to the defendant's contacts with the forum state itself, not the defendant's contacts with persons who reside there." *Id.* (quoting *Walden v. Fiore*, 571 U.S. 277, 284–85 (2014)). In distinguishing *Calder*, the *Walden* Court stated that "[t]he crux of *Calder* was that the *reputation-based 'effects'* of the alleged libel connected the defendants to California, not just to the plaintiff." *Walden*, 571 U.S. at 287 (emphasis added). *Calder* adopted the rule that to establish the basis for specific personal jurisdiction, a tort must not just have some effect on a party who resides there. *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1145 (9th Cir. 2017). But this case is distinguished from both *Calder* and *Walden*. In *Walden*, the defendant had "never traveled to . . . or sent anything or anyone to" the forum state. *Walden*, 571 U.S. at 289. Here, the defendant's contacts with Oregon are *extensive*. Not only does PeaceHealth regularly conduct business in Oregon and "operates facilities" in Oregon, but it also provides healthcare services to Oregon residents and employs Oregon residents in its facilities. Whereas in *Calder*, the Court upheld a Californian actress's libel suit against employees of a Florida publication (National Enquirer) that published and circulated material in California. *See Calder v. Jones*, 465 U.S. 783 (1984). Here, PeaceHealth's unlawful retaliation against Plaintiff created harm that directly impacts her professional reputation in Oregon. This is conduct expressly aimed at the forum. Thus, the second prong of the *Calder* test is met.

The third prong of the *Calder* test is satisfied because PeaceHealth's conduct caused harm that it knew was likely to be suffered in Oregon. PeaceHealth knew that its conduct and

OLDHAM LAW OFFICE, LLC
12275 SW 2ND STREET
BEAVERTON, OR 97005
TEL: (503) 596-2696

the harm alleged in Plaintiff's complaint was likely to be suffered in Oregon, where Plaintiff is a resident. Not only would Plaintiff bear the reputational and financial harm of PeaceHealth's conduct in Oregon, PeaceHealth's conduct also implicates other employment relationships with Oregon residents. The "chilling effect" of PeaceHealth's tortious conduct for retaliating against a whistleblower is felt among its employees—including Oregon residents—and which could also impair the healthcare services it provides to Oregon patients who travel across the river to Vancouver, Washington for health care services. Moreover, PeaceHealth's violation of the Fair Labor Standards Act directly impacts Plaintiff's financial well-being in Oregon where she resides. Thus, the third prong of the *Calder* test is satisfied because PeaceHealth knew its conduct would likely be suffered in Oregon.

    2.    <u>Plaintiff satisfies the second prong of the *Picot* test because her claim relates to PeaceHealth's forum-related activities.</u>

Plaintiff can demonstrate that her claims arise out of or relate to PeaceHealth's forum-related activities. The Ninth Circuit applies a "but for" test to determine whether a particular claim arises out of the forum-related activities. *Ballard*, 65 F.3d at 1500. The question, therefore, is this: but for PeaceHealth's contacts with Oregon, would Plaintiff's claims against PeaceHealth have arisen? *See id.* The answer is "yes." PeaceHealth operates facilities in Oregon, regularly conducts business in Oregon, and *employs* Oregon residents in its facilities, including Plaintiff – until her termination. But for PeaceHealth's employment of Oregon residents in its facilities—including its facility in Vancouver, Washington—these claims could not have arisen.

Defendant argues in its motion that Plaintiff's residence in Oregon, standing alone, cannot satisfy this prong. *See* Def. Mot. at 8. That argument wrongly narrows the "but for" test to one singular contact—Ms. Collins. Instead, the "direct nexus" between PeaceHealth's contacts with Oregon and the cause of action is not simply residence, it's the ongoing

PAGE 11 – RESPONSE IN OPPOSITION TO DEF'S MOTION

employment and recruitment of Oregon residents, the operation of numerous healthcare facilities in Oregon, and the healthcare provided to Oregon residents at the Vancouver, Washington facility. *See Fireman's Ins. Fun. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 894 (9th Cir. 1986). In the absence of PeaceHealth's ongoing employment and recruitment of Oregon residents for its facilities, Plaintiff would not have been employed at PeaceHealth and been subjected to its unlawful conduct. *See Ballard*, 65 F.3d at 1500 (describing how in the absence of Defendant's banking network, Plaintiff would not have opened an account at the Bank).

The Court should not be misled into believing that PeaceHealth's Oregon-related contacts are limited to Ms. Collins. The Court should instead focus on the defendant's contacts *with the forum state*, not the defendant's contacts *with a resident of the forum*. *Picot*, 780 F.3d at 1214. PeaceHealth has *extensive* Oregon-based forum-related activities and contacts. PeaceHealth regularly does business in Oregon, operates numerous healthcare facilities in Oregon—providing healthcare services to Oregon residents, and employs Oregon residents at its facilities. But for defendant's employment of Oregon residents, like Ms. Collins, Ms. Collins would never have been subjected to defendant's unlawful conduct. Plaintiff thus satisfies the first two prongs of the *Picot* test, and the burden shifts to the defendant to provide a compelling case that the exercise of jurisdiction would not be reasonable.

### 3. The third prong of the *Picot* test weighs in Plaintiff's favor.

Ms. Collins satisfies the first two prongs of the *Picot* test, and now the burden shifts to the defendant to make a "compelling case" that the exercise of jurisdiction would not be reasonable. *CollegeSource, Inc.*, 653 F.3d at 1076. The third requirement in the *Picot* test is that an exercise of jurisdiction must be reasonable. The Ninth Circuit presumes that an otherwise valid exercise of specific jurisdiction is reasonable. *See Sher*, 911 F.2d at 1364 (once court finds purposeful availment, it must presume that jurisdiction would be reasonable). The burden of

PAGE 12 – RESPONSE IN OPPOSITION TO DEF'S MOTION

convincing the court otherwise lies with PeaceHealth. To avoid jurisdiction, PeaceHealth must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp.*, 471 U.S. at 477; *Haisten v. Grass Valley Med. Reimb. Fund, Ltd.*, 784 F.2d 1392, 1397, 1400 (1986). PeaceHealth has not carried its burden of rebutting the strong presumption in favor of jurisdiction. *See Sher*, 911 F.2d at 1364 (identifying factors court should consider in evaluating reasonableness of jurisdiction). Looking at the several factors listed in *Sher*, especially "the most efficient forum for judicial resolution of the dispute," jurisdiction in Oregon would not be so unreasonable as to violate due process. *See id.* Defendant urges this court to move the venue nearly *140 miles away* from the PeaceHealth facility in Vancouver, Washington where Plaintiff worked, to the U.S. District Court for the Western District of Washington courthouse located in Tacoma, Washington. Moving the venue so far from the facility where Plaintiff worked would undoubtedly inconvenience likely witnesses and could impact their willingness to testify. The most efficient forum for judicial resolution would be the US District Court in Portland, Oregon, which is only about 15 miles away from the PeaceHealth facility in Vancouver, Washington. Notably, this court is more convenient for defendant's likely witnesses, as well as for plaintiff's likely witnesses.

In its Motion, Defendant incorrectly asserts that Plaintiff's claims are contract-based, and thus, the proper venue is the place of intended performance. Defendant omits that Plaintiff was a member of the labor organization, Washington State Nurses Association ("WSNA"). Pl.'s Compl. ¶¶ 13, 35. As a union member, the collective bargaining agreement between WSNA and PeaceHealth would set forth grievance procedures to adjudicate *contract-based* claims. In contrast, in this civil employment action, Plaintiff's claims are *tort*-based. There is a fundamental difference between an action based in tort and an action based upon violation of a employment contract or collective bargaining agreement. *See Smith v. Bates Tech. Coll.*, 139 Wash. 2d 793, 796–97, 809 (2000). Again, the relevant inquiry is not whether venue *is more*

PAGE 13 – RESPONSE IN OPPOSITION TO DEF'S MOTION

Oldham Law Office, LLC
12275 SW 2ND Street
Beaverton, OR 97005
Tel: (503) 596-2696

*appropriate* in a different judicial district, but rather whether venue *is appropriate at all* in the particular district in which the plaintiff filed suit. Here, the U.S. District Court is an appropriate venue for Plaintiff's tort-based claims, and its exercise of jurisdiction is reasonable.

> **D. The Court should transfer—rather than dismiss—the complaint in the interest of justice.**

Should this court find that it does not exercise personal jurisdiction over PeaceHealth, and venue was improper, dismissing the complaint would not be in the interest of justice. Instead, the court should transfer—rather than dismiss—the complaint if the court finds that Oregon does not exercise personal jurisdiction over PeaceHealth.

When a plaintiff files an action in the wrong district, 28 U.S.C. § 1406(a) directs courts to "dismiss, or if it be in the interest of justice, transfer such case" to the proper venue. 28 U.S.C. § 1406(a). Generally, the "interest of justice" requires courts to transfer cases to the appropriate judicial district, rather than dismiss them. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962). Pursuant to Fed. R. Civ. P. 12, a claim should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), *abrogated* by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007).

As detailed above and in her court complaint, Plaintiff has pled sufficient facts in support of her claims. Indeed, there are no facts to indicate Plaintiff cannot demonstrate that Washington State exercises personal jurisdiction over PeaceHealth (indeed, defendant concedes as much) or that the facts as pled do not allege actionable, injurious conduct by PeaceHealth. PeaceHealth is domiciled and incorporated in Washington, and the facts alleged by Plaintiff in her complaint occurred in the PeaceHealth facility located in Vancouver, Washington. Therefore, because it does not appear "beyond a doubt" that Plaintiff can prove no set of facts in support of her claim, the Court should not dismiss the claim. Instead, if the Court finds that Oregon does not exercise

Oldham Law Office, LLC
12275 SW 2ND Street
Beaverton, OR 97005
Tel: (503) 596-2696

personal jurisdiction over PeaceHealth, the interest of justice would require the Court to transfer the case to the Western District of Washington.

## V. CONCLUSION

For the reasons stated above, venue is proper in the District of Oregon because the district exercises personal jurisdiction over Defendant. The court should deny Defendant's Motion to Dismiss for Improper Venue. However, if the court finds that the venue is improper, the court, in the interest of justice, should transfer venue under 28 U.S.C. § 1406(a) to the Western District of Washington.

DATED this 19th day of May, 2023.

OLDHAM LAW OFFICE, LLC
/s/Katelyn S. Oldham

Katelyn S. Oldham, OSB No. 024115
Phone: (503) 596-2696
Email: katelyn@oldhamlawoffice.com

Of Attorneys for Plaintiff