MELISSA J. HEALY
melissa.healy@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

*Attorneys for Defendant PeaceHealth*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **SARAH COLLINS**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**PEACEHEALTH**, a foreign nonprofit corporation with its primary location in Vancouver, Washington,<br><br>Defendant. | Case No.: 3:22-cv-01946-AN<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR TRANSFER VENUE** |

## I. INTRODUCTION

In her Opposition to PeaceHealth's Motion to Dismiss or Transfer Venue, Plaintiff again fails to show that venue is appropriate in this Court. Her bare-bones allegation that PeaceHealth regularly does business in Oregon and insistence that she felt the impacts of PeaceHealth's Washington employment actions in Oregon is insufficient to establish either general or specific jurisdiction. Plaintiff's work for PeaceHealth undisputedly took place in Washington alone, and

none of the events that led to her lawsuit occurred in Oregon. Her claims allege violations of federal and Washington law, with the only connection to Oregon being that Plaintiff apparently lives here – a fact that is not, by any measure, sufficient to establish that the case should proceed in this Court. Although Plaintiff accuses PeaceHealth of forum-shopping, it is Plaintiff who seeks to proceed with a lawsuit in Oregon based on facts that arose exclusively within the confines of the Western District of Washington. PeaceHealth's motion should be granted, and the case should be dismissed under Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, transferred to the proper venue in the Western District of Washington under 28 U.S.C. § 1406.

## II. ARGUMENT

Venue in this Court is appropriate only if one or more of the three factors under 28 U.S.C. § 1391(b) are met. If not, the Court is required to dismiss or transfer the case "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff does not attempt to argue in her Opposition that venue in this Court is proper under 28 U.S.C. § 1391(b)(2), which requires that "a substantial part of the events or omissions giving rise to the claim" occur in Oregon, or 28 U.S.C. § 1391(b)(3), which applies to situations where there is no alternative venue to the location where the plaintiff filed. (*See* Mot. at 9-10.) Accordingly, the only issue for the Court to resolve is whether PeaceHealth "resides" in Oregon under 28 U.S.C. § 1391(b)(1), meaning that it is subject to either general or specific personal jurisdiction in this case. *See* 28 U.S.C. § 1391(c)(2) (a defendant "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question").

With respect to PeaceHealth's residence, the undisputed evidence in the record before this Court is that:

- PeaceHealth is a "foreign nonprofit with its primary location in Vancouver, Washington." (Compl. ¶ 5; *see also id*. ¶ 2.)
- Plaintiff worked at PeaceHealth's hospital facility in Vancouver, Washington, from May 2016 until her employment was terminated in January 2022. *Id.* ¶ 7.
- Plaintiff was a Registered Nurse in Washington and a member of the Washington State Nurses Association. *Id.* ¶¶ 6, 13, 29.
- Plaintiff reported workplace safety concerns to the Washington State Department of Health. *Id.* ¶ 9.
- Plaintiff alleges that PeaceHealth: (1) retaliated and discriminated against her in violation of Washington's Whistleblower Retaliation statute, RCW 43.70.075(1)(c); (Compl. ¶¶ 36-45), and (2) wrongfully discharged her in violation of public policy, specifically with respect to Washington's safe staffing in hospitals statute, RCW 70.41.420 (Compl. ¶ 47).

The only mention of Oregon are Plaintiff's allegations that *she* lives in Portland and Multnomah County, Oregon. (Compl. ¶¶ 2-4.) Plaintiff asserts in her Opposition that her case may nevertheless proceed in this Court because the record, drawing all inferences in her favor, shows that PeaceHealth may be subject to both general and specific personal jurisdiction in this District. (Opp. at 6.) Plaintiff's arguments fail.

### A. Plaintiff's Assertion of General Jurisdiction Is Without Merit

PeaceHealth does not "reside" and is not subject to general personal jurisdiction in the District of Oregon. The parties agree that for corporate defendants, general personal jurisdiction exists only in a forum where the corporation is "at home," which is typically (1) the defendant's

Page 3 –   DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR TRANSFER VENUE

119711892.6 0065738-00086

state of incorporation, and (2) the state in which the defendant maintains its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (citation omitted); (Opp. at 3-4). "General jurisdiction may arise in a forum other than the place of incorporation or the principal place of business, *but only in exceptional circumstances*." *Fox v. Michael Berenis, Bootaholics, Inc.*, No. 3:17-CV-2066-SI, 2018 WL 6313003, at *2 (D. Or. Dec. 3, 2018) (emphasis added); *see also Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) ("Only in an 'exceptional case' will general jurisdiction be available anywhere" aside from a corporate defendant's state of incorporation or principal place of business); *Gamboa v. Great Lakes Dredge & Dock Co. of Louisiana*, No. CV 20-18-JWD-EWD, 2020 WL 4373111, at *5 (M.D. La. July 30, 2020) ("It is 'incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business.'") (quoting *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014)).

It is already established that PeaceHealth is incorporated in and has its principal place of business in Washington. (Compl. ¶ 2.) Furthermore, the only information in Plaintiff's Complaint about PeaceHealth's presence in Oregon is a single conclusory allegation, without any supporting facts, that PeaceHealth "regularly does business in this jurisdiction." (*Id*. ¶ 3.) Plaintiff's Opposition falls far short of articulating any "exceptional circumstances" that would render general jurisdiction appropriate in Oregon. At best, Plaintiff merely states that PeaceHealth: (1) "operate[s] facilities in Oregon" along with two other states, (2) employs other Oregon-based employees aside from Plaintiff; and (3) deprived Plaintiff, an Oregon resident, of wages and therefore created "far-reaching economic impacts" including depriving Oregon of its prior share of income taxes and increasing the burden to Oregon's unemployment system. (Opp. at 6-7.)

Page 4 –   DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR
              TRANSFER VENUE
119711892.6 0065738-00086

Putting aside the fact that Plaintiff does not allege any of these additional "facts" in her Complaint, they do not – even if true – suggest that PeaceHealth is essentially "at home" in Oregon.[1] *See BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 410 (2017) (finding that Montana court did not have personal jurisdiction over defendant BNSF, which was neither incorporated in nor had its principal place of business in Montana, even thought it had approximately 2,061 miles of railroad track and about 2,100 employees in the state); *Fox*, 2018 WL 6313003, at *3 (out-of-state defendant's operation and management of two franchise stores in Oregon did not subject defendant to general jurisdiction in Oregon); *Daimler,* 571 U.S. 117 at 139 n.20 ("A corporation that operates in many places can scarcely be deemed at home in all of them."); *Barrett v. Union Pac. R.R. Co*., 361 Or. 115, 132, 390 P.3d 1031, 1040 (2017) ("We agree instead with the majority of courts that have held that the fact that a corporation is doing business within a state is not sufficient in and of itself to give that state general jurisdiction over the corporation."). Plaintiff has not met her high burden to show that general jurisdiction over PeaceHealth in Oregon is appropriate in this case.

---

[1] Even if it were, PeaceHealth's Oregon operations are exclusively located in Lane County, which is part of the Eugene Division of the District of Oregon, not the Portland Division. *See* PeaceHealth, Locations, https://www.peacehealth.org/locations (last visited 6/22/23); U.S. District Court, District of Oregon, Division Map (June 22, 2023), https://www.ord.uscourts.gov/index.php/court-info/contact-us/division-map; *see also Travelers Prop. Cas. Co. of Am. v. Hume Lake Christian Camps, Inc.*, No. 17-CV-1600 JLS (KSC), 2018 WL 280025, at *2 (S.D. Cal. Jan. 3, 2018) (in determining whether venue is proper, the court may consider facts outside the pleadings relevant to the issue of venue); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (a court may take judicial notice of "'matters of public record,'" so long as they do not contain facts that are "'subject to reasonable dispute'" (citations omitted)). The law requires that a district court dismiss or transfer cases filed "in the wrong *division* or district," 28 U.S.C. § 1406(a) (emphasis added); *cf.* 28 U.S.C. § 1391(d) (in a state with more than one judicial district, a corporation resides only in the districts where "its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State").

B.    **Plaintiff Falls Far Short of Establishing Specific Jurisdiction**

Plaintiff also cannot establish specific jurisdiction because PeaceHealth did not direct its allegedly unlawful acts to Oregon, nor do the claims arise out of any of PeaceHealth's activities in Oregon. The parties agree that with respect to specific jurisdiction, Plaintiff bears the burden of showing that:

(1)    PeaceHealth "purposefully direct[ed] [its] activities" to Oregon, or "perform[ed] some act by which [it] purposefully avail[ed] [it]self of the privilege of conducting activities in [Oregon], thereby invoking the benefits and protections of [Oregon] law[]"[2]; *and*

(2)    The claim is one that "arises out of or relates to [PeaceHealth's] forum-related activities."

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (internal quotation marks and citation omitted). If Plaintiff fails to satisfy either of those prongs, the jurisdictional inquiry ends. *Id.* Even if Plaintiff succeeds, the case must be transferred or dismissed if PeaceHealth "'present[s] a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (citation omitted). Here, Plaintiff fails on both prongs.

1.    <u>PeaceHealth Did Not Purposefully Direct Its Activities at Oregon</u>

For PeaceHealth to have "purposefully directed" its activities at Oregon, the parties agree that it must have "(1) committed an intentional act, (2) expressly aimed at [Oregon], (3) causing

---

[2] As Plaintiff notes, courts apply the "purposeful direction" test in tort cases and examine whether the defendant has purposefully directed its conduct toward a forum state, versus whether the defendant purposefully availed itself of the privilege of doing business in the forum state, which is an inquiry for contract cases. (Opp. at 8); *see also Schwarzenegger*, 374 F.3d at 802. As Plaintiff notes, this is not a contract case (Opp. at 13); therefore, the only relevant inquiry is whether PeaceHealth deliberately directed its conduct toward Oregon.

Page 6 –    DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR TRANSFER VENUE
119711892.6 0065738-00086

harm that [it knew was] likely to be suffered in [Oregon]." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc) (internal quotation marks and citation omitted); (Opp. at 8-9). Even if Plaintiff could point to an "intentional act" allegedly committed by PeaceHealth, thus establishing the first factor, there is nothing in the record (let alone anything in Plaintiff's Opposition) to suggest that PeaceHealth's actions were in any way aimed at Oregon or caused harm that PeaceHealth knew would be suffered in Oregon.

Plaintiff argues that PeaceHealth's conduct was directed at Oregon because "[its] unlawful retaliation against Plaintiff created harm that directly impacts her professional reputation in Oregon." (Opp. at 10.) Aside from the point that Plaintiff worked and was licensed in Washington (making the impact to her professional reputation in Oregon unclear), Plaintiff's argument is inapposite because "'mere injury to a forum resident is not a sufficient connection to the forum.'" *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (quoting *Walden v. Fiore*, 571 U.S. 277, 278 (2014)). Moreover, pointing to PeaceHealth's allegedly "extensive" contacts with Oregon, as Plaintiff does (Opp. at 10) is irrelevant because the test requires that "the *defendant's allegedly tortious action* [be] 'expressly aimed at the forum'" *Picot*, 780 F.3d at 1214 (emphasis added; citation omitted); *see also Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 262, 264 (2017) (noting that "there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.' When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.").

Overall, it is difficult to see how PeaceHealth's actions with respect to Plaintiff (including denying her a promotion, placing her on administrative leave, terminating her employment, and making a complaint to the Washington Board of Nursing (Compl. ¶ 38)), all of

Page 7 –   DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR TRANSFER VENUE

which took place in Washington at the location where Plaintiff was employed, were directed at any location other than Washington. *See Yahoo! Inc.*, 433 F.3d at 1224 (Ferguson, J., concurring) ("An intentional act aimed exclusively at a location other than the forum state, which results in harm to a plaintiff in the forum state, does not satisfy the 'express aiming' requirement"). Accordingly, Plaintiff's assertion of specific jurisdiction fails on this basis alone.

Even if the Court concludes otherwise, Plaintiff's "purposeful direction" argument still must be rejected because she does not (and cannot) show that PeaceHealth caused harm that it knew would be suffered in Oregon. Plaintiff was licensed and worked in Washington. (Compl. ¶¶ 6, 31, 35, 61, 67.) Plaintiff vaguely asserts that PeaceHealth's conduct toward Plaintiff "implicates other employment relationships with other Oregon residents," and could somehow "impair the healthcare services [PeaceHealth] provides to Oregon patients who travel across the river to Vancouver, Washington for health care services." (Opp. at 11.) However, she cites neither facts to support such speculation nor caselaw to suggest that such a tangential impact would be sufficient to establish purposeful direction. It is not. *See Schwarzenegger*, 374 F.3d at 803 ("A showing that a defendant purposefully directed his conduct toward a forum state . . . usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere."); *Infusion Partners v. Otono Networks, Inc.*, No. 3:16-CV-2288-AC, 2017 WL 1959225, at *9 (D. Or. Apr. 12, 2017) ("Finally, [plaintiff] claims personal jurisdiction exists because Defendants knew [plaintiff's] place of business was in Oregon and that their actions were likely to cause [plaintiff] harm in Oregon. That [plaintiff] may have suffered an injury in Oregon is insufficient to establish personal jurisdiction over Defendants."), *report and recommendation adopted*, 2017 WL 1960661 (D. Or. May 9, 2017). There is no specific jurisdiction in Oregon in this case.

### 2. Plaintiff's Claims Do Not Arise out of or Relate to PeaceHealth's Oregon Activities

For the same reasons discussed above and in PeaceHealth's motion, Plaintiff's claims under federal and Washington law, arising out of her employment in Washington, plainly do not arise out of or related to PeaceHealth's activities in Oregon. Plaintiff correctly states that the Court should apply a "but for" test "to determine whether a particular claim arises out of forum-related activities and thereby satisfies the second requirement for specific jurisdiction," and specifically analyze whether Plaintiff's claims against PeaceHealth would have arisen but for PeaceHealth's contacts with Oregon. (Opp. at 11); *see Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). But Plaintiff's response to that question – that her claims against PeaceHealth would *not* have arisen but for its employment of Oregon residents such as herself – is simply wrong. Plaintiff could have filed this case (which, again, arises out events that occurred entirely in Washington and does not allege violations of Oregon law) regardless of whether she lived in Oregon. *See Bryce v. Choice Hotels Int'l*, No. 3:18-CV-01852-MO, 2019 WL 149550, at *1 (D. Or. Jan. 8, 2019) (granting defendant's motion to dismiss for improper venue in a case filed by an Oregon resident, where none of the defendants were Oregon residents and the alleged events and omissions took place in Georgia, rather than Oregon), *aff'd*, 781 F. App'x 649 (9th Cir. 2019); *Domaine Serene Vineyards Winery, Inc. v. Jacob Rieger & Co.*, No. 3:18-CV-01742-JR, 2019 WL 1522881, at *7 (D. Or. Mar. 20, 2019) (finding that although the defendant engaged in forum-related activities, they were not the "but for" cause of the Oregon-based plaintiff's injury because the claims arose from sales of an allegedly infringing product outside Oregon), *report and recommendation adopted*, 2019 WL 1522877 (D. Or. Apr. 8, 2019).

Plaintiff's citation to facts of the *Ballard* case in support of her position is without merit. In *Ballard*, the defendant was an Austrian bank that opened and operated a banking network in the United States. The Ninth Circuit appropriately ruled that "if [the defendant] had not done business in the United States, she would have had no claim against it, because in the absence of [the defendant's] banking network, [the plaintiff] would not have opened an account at the Bank and filled it with ill-gotten funds." *Ballard*, 65 F.3d at 1500. Here, in contrast, Plaintiff would have had claims against PeaceHealth regardless of whether PeaceHealth did business in Oregon.[3]

Finally, the Court should reject Plaintiff's misplaced citation to *Picot*, 780 F.3d 1206, and assertion that "[t]he Court should focus on the defendant's contacts *with the forum state*, not the defendant's contacts *with a resident of the forum*." (Opp. at 12 (emphasis added).) The *Picot* court expressly declined to address the question of whether and when a lawsuit arises out of a defendant's forum-related activities. 780 F.3d at 1213 n.2. The excerpt Plaintiff cites pertained to the court's analysis of whether the defendant had purposefully directed its activities at a forum (and again, merely stands for the proposition that injury to a forum resident is not a sufficient connection to the forum). *Id.*; *see also* Section II.B.1, *supra*. The Court should disregard this flawed analysis and dismiss or transfer this case.[4]

---

[3] Plaintiff's reference to *Fireman's Fund Insurance Co. v. National Bank of Cooperatives*, 103 F.3d 888, 894 (9th Cir. 1996), is similarly unavailing. There, the plaintiff sought a declaratory judgment that the defendant, who had obtained an arbitration award in California against a California corporation, had no claim against them to enforce the award. *Id.* (noting that "[a]bsent [the defendant's] California-related activities, the [defendant] would have no reason to pursue declaratory relief").

[4] Even if the Court concludes otherwise, the exercise of jurisdiction in the Portland Division of the District of Oregon would not be reasonable. In addition to the reasons cited in PeaceHealth's Motion (Mot. at 9), a finding of personal jurisdiction in this case could have a chilling effect on employers' willingness to hire employees who commute across state lines to work, if the

## III. CONCLUSION

For the reasons stated above and in PeaceHealth's Motion, venue is improper in the District of Oregon. The Court should grant Defendant's Motion to Dismiss for Improper Venue and dismiss the case or alternatively, transfer venue under Section 1406(a) to the Western District of Washington.

DATED: June 23, 2023

STOEL RIVES LLP

s/ Melissa J. Healy
MELISSA J. HEALY, OSB No. 102176
melissa.healy@stoel.com
503.224.3380

*Attorneys for Defendant*

---

employer knew that doing so could potentially be subject to litigation in a state other than where the employer is located.